## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**JAMES C. WINDING**                                                                         **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 4:24-CV-00050-DAS**

**GOVERNOR TATE REEVES, et al.**                                     **DEFENDANTS**

### ORDER DENYING *IN FORMA PAUPERIS* STATUS

This *pro se* prisoner case is the before the Court on Plaintiff James C. Winding's motions [2],[8],[13] for leave to proceed *In Forma Pauperis* ("IFP"). Winding, who is in the custody of the Mississippi Department of Corrections ("MDOC"), challenges the conditions of his confinement under 42 U.S.C. § 1983. Winding names Governor Tate Reeves, Superintendent Marc McClure, Attorney General Lynn Fitch, Former District Attorney Ronnie L. Harper, United States District Judge David C. Bramlette,III, United States Circuit Judge Edith H. Jones, United States Circuit Judge Kyle Duncan, and MDOC Commissioner Burl Cain as Defendants in this action. Upon due consideration of Winding's filings and the applicable authority, the Court finds that Winding is not entitled to proceed IFP in this action.

### Plaintiff's Allegations

Winding is currently incarcerated at the Walnut Grove Correctional Facility located in Walnut Grove, Mississippi. Winding alleges generally that he has been "illegally detained, confined and restrained" by the named defendants and that he has been in MDOC custody for more than twenty-one (21) years despite having not been charged with a crime. Doc. # 12 at 6. As to specific defendants, Winding alleges that (1) United States Circuit Judges Jones and Duncan issued an illegal sanction of $500.00 against him; and (2) MDOC Commissioner Burl Cain issued an order to his staff to send all of Winding's legal mail to his offices. *Id.* at 7-8. Winding further avers that he has been stabbed multiple times and hit in the head with a "lock-n-sock" due to sex-

offender status. *Id.* at 9. Winding does not identify dates, locations, or perpetrators of these alleged incidents.

### **Winding's Three-Strikes and History of Filings**

Title 28 U.S.C. § 1915(g), commonly referred to as the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), provides that a prisoner's privilege to proceed *in forma pauperis* should be denied if he or she has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[1] The Court must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *See Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996).

Although this is only the fourth § 1983 filing in this District by Winding,[2] he has a long history of filing civil rights actions in the federal district courts. *See Winding v. Williams*, No. 3:18-cv-00736-CWR-FKB , Order [7] (S.D. Miss. Nov. 1, 2018) (noting that "Winding has, on at least 109 prior occasions, brought civil actions in a court of the United States."). Winding himself acknowledges his numerous filings as he noted in the instant complaint that he has filed over 100 cases in the District Court for the Southern District of Mississippi. *See* Doc. # 12 at 12-13. Winding has been barred from proceeding IFP under the three-strikes provision of the PLRA for quite some time.[3] Despite having been so barred; Winding has sought to proceed IFP "in a plethora

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] Winding's first civil rights filing in this district was dismissed after the Court denied him leave to proceed IFP and Winding failed to pay the filing fee. *See Winding v. Cain, et al*, No. 4:23-cv-00024-GHD-RP. Winding's second such filing was dismissed under similar circumstances. *See Winding v. Reeves et al*, No. 4:23-cv-00103-DAS. Winding's third such filing proceeded a bit differently as he obtained counsel, and the matter was transferred to the Southern District of Mississippi. *See Winding v. McClure*, No. 4:23-cv-00149-SA-DAS.

[3] *See Winding v. GEO Grp., Inc.*, 405 F. App'x 938, 940 (5th Cir. 2010); *Winding v. Thaggard*, No. 4:09-cv-134-DPJ-FKB (S.D. Miss. Mar. 17, 2010); *Winding v. Owens*, No. 5:08-cv-158-DCB-MTP (S.D. Miss. Apr. 24, 2008).

of lawsuits." *Id.* (citing *Winding v. Buscher*, No. 3:14-cv-270-DPJ-FKB, Order [7] at 1, n.1 (S.D. Miss. May 6, 2014) ("Even though he accumulated his three-strikes bar in 2010, since that time Winding has filed more than 50 cases in this Court requesting pauper status.")).

In 2014, the District Court for the Southern District of Mississippi imposed monetary sanctions against Winding in two separate cases. In sanctioning Winding for frivolously invoking the imminent-danger exception, the Court stated:

> Winding is among the worst abusers of the federal judiciary that this district has seen. Because he has again filed a frivolous suit and falsely claimed imminent danger, this civil action will be dismissed with prejudice and a monetary sanction of $50.00 will be imposed. . . . This sanction should come as no surprise. Winding has been warned that his '[c]avalier or disingenuous invocation of the imminent-danger exception will result in additional sanctions.'

*Winding v. Buscher*, No. 3:14-cv-270-DPJ-FKB, Order [7] (S.D. Miss. May 6, 2014) (internal citations omitted). Winding nonetheless continued to file actions, seeking to proceed *in forma pauperis* and invoking the imminent-danger exception, most of those requests being denied. *See Winding v. Williams,* No. 3:18-cv-00736-CWR-FKB, Order [7], (S.D. Miss. Nov. 1, 2018) (collecting cases). The District Court for the Southern District of Mississippi sanctioned Winding again in 2016 for making false statements. *See Winding v. Fisher*, No. 3:16-cv-94-DCB-JCG, Order [17] at 7 (S.D. Miss. July 17, 2016).

Winding's filings have not been limited to civil rights cases. He has additionally filed federal habeas corpus actions contesting his state court convictions and sentences.[4] Winding's tactics in those habeas actions led the Fifth Circuit to twice sanction him and bar him from filing any further challenges to his state-court convictions and sentences until the sanction was either paid in full or he otherwise obtained permission from the court. *See In re: Winding*, No. 10-61001

---

[4] Winding was convicted on the charges of kidnapping and sexual battery in the Circuit Court of Adams County, Mississippi, on September 24, 2003, and was sentenced to two 30-year terms to run concurrently. *See Winding v. State*, 908 So.2d 163, 164 (Miss. Ct. App. 2005).

(5th Cir. Feb. 23, 2011) ($100 sanction imposed); *In re: Winding*, No. 10-60431 (5th Cir. Aug. 16, 2010) ($200 sanction imposed).

### **"Imminent Danger" Analysis**

The PLRA provides an exception to the three-strikes bar and allows a prisoner with three qualifying dismissals under Section 1915(g) to proceed *in forma pauperis* if he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[A] prisoner with three strikes is entitled to proceed with his action . . . only if he is in imminent danger at the time that he seeks to file his suit or . . . filed a motion to proceed IFP." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.'" *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)). To meet this requirement, the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003).

As he has done countless times in other actions,[5] Winding writes "Imminent Danger" on the first page of the instant complaint, *See* Doc. #s 1, 12, and he repeated this tactic in his IFP applications. *See* Doc. # 2 at 1, 13 at 2. In a motion entitled "Motion for Imminent Danger Hearing as a (3) Strike Litigant" Winding asserts again that he has been stabbed on a number of unidentified times at unidentified locations and that he has never been properly charged for the underlying state-court conviction on which his incarceration rests. *See* Doc. # 3. In an amended IFP

---

[5] *See Winding v. Williams*, No. 3:18-cv-00736-CWR-FKB, Order [7] at 5; *Winding v. Cain et al.*, No. 4:23-cv-00024-GHD-RP, Order [26] at 5; *Winding v. Reeves et al.*, No. 4:23-cv-00103-DAS, Order [11] at 5 .

application, Winding repeats the same allegations and opines, in conclusory fashion, that he is "suffering irreparable harm." *See* Doc. # 8 at 1. These repeated assertions make up his only argument that he is under imminent danger of physical injury. Winding, however, complains about previous assaults that had *already occurred* at the time he filed this complaint and accompanying IFP motion(s).

"[C]onclusional allegations are insufficient to show [that a plaintiff is] under imminent danger of serious physical injury at the time he filed his complaint." *Smith v. Dir., Texas Dep't of Criminal Justice, Corr. Institutions Div.*, 258 F. App'x 632, 632 (5th 2007) (citing *Banos*, 144 F.3d at 885). "To satisfy the 'imminent danger' exception, a complainant must offer specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Jackson v. United States*, 2016 WL 1375591, at *2 (N.D. Tex. Apr. 7, 2016)(general complaints about ongoing nature of lack of alleged medical care do not meet imminent danger exception)(internal quotation marks and citations omitted); *see also Cain v. Shilling*, No. 799-cv-898, 2001 WL 515263, at *2 (W.D. Va. Mar. 14, 2001) (imminent danger not established when prisoner alleged he did not receive the treatment he believed necessary).

The Court finds Winding's allegations regarding past assaults on unidentified dates, perpetuated by unidentified assailants, at unidentified locations insufficient to meet the threshold requirement of imminent danger of serious physical injury. Nor does the Court find his allegations that he is illegally detained, which is in essence a challenge to the underlying state-court conviction and sentence, sufficient to show that Winding is under imminent danger of serious physical injury. The Court finds it worth mentioning that Winding has consistently argued, as he does now, that his sex-offender status makes him a target for violence, but he fails to identify any specific *impending* harm that this status poses. Rather, he points to prior assaults which he *believes* resulted

from that status, a designation imposed by MDOC almost two decades ago.[6] Allegations of past harm, however, do not satisfy the imminent-danger exception. *Newman v. Harris*, 770 F. App'x 216, 217 (5th Cir. 2019); *see also King v. Livingston*, 212 F. App'x 260, 262 (5th Cir. 2006) (allegations of past attacks by inmates and prison officials allegedly occurring six weeks before complaint insufficient to establish imminent danger).

In sum, Winding has not set forth facts indicating a "genuine emergency" to his physical safety. As such, the Court finds that Winding has not shown that he is in imminent danger of serious physical injury and that his motion(s) for IFP should be denied.

## Conclusion

Based on the foregoing discussion, the Court finds that Winding has failed to demonstrate that he was "under imminent danger of serious physical injury" at the time he filed his complaint and accompanying IFP motion(s). Consequently, Winding's motions [2], [8], [13] to proceed *in forma pauperis* are hereby **DENIED**. Accordingly, it is **ORDERED** that Winding must pay the filing fee within twenty-one (21) days from the date of this Order. If Winding fails to pay the filing fee within 21 days, then the Clerk of Court is **DIRECTED** to dismiss this case without further action by the Court. Further, Winding's related motion [3] for an imminent danger hearing as a (3) strike litigant is without merit and is, therefore, **DENIED**.

**SO ORDERED**, this the 26th day of June, 2024.

/s/ David A. Sanders
**DAVID A. SANDERS**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] As previously noted, Winding was, in fact, convicted of the crime of sexual battery, *see Winding*, 908 So.2d at 164; thus, even though he believes that conviction to be illegally obtained, the sex-offender designation is not without cause.